UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| BOBBY LOPEZ, | Case No. 16 CV 6658 |
|          Plaintiff, | |
| | **COMPLAINT** |
|    -against- | |
| | JURY DEMAND |
| THE CITY OF NEW YORK, JOHN DOE | |
| and JANE DOE #1-10 (the names John and | |
| Jane Doe being fictitious, as the true | |
| names are presently unknown), | |
|          Defendants. | |

------------------------------------------------------------------------X


Plaintiff, BOBBY LOPEZ, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, John Doe and Jane Doe #1-10 (collectively, "Defendants"), respectfully alleges as follows:

<u>NATURE OF THE ACTION</u>

1.      This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

<u>JURISDICTION</u>

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4.        Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5.        Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6.        The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7.        Defendants John Doe and Jane Doe #1-10 ("defendant officers") were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

8.        At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.        On August 16, 2016, at approximately 5:30 p.m., at or within the vicinity of the entrance door to the plaintiff's home which is located at 419 W 17th Street, New York, New York, defendant officers forcibly grabbed the plaintiff as he was about to exit the building and was going outside to play basketball.

10.       Upon grabbing the plaintiff, defendant officers forcibly turned him around, and tripped, pushed, shoved and/or slammed down the plaintiff causing him to fall down backwards on a concrete stair that is located in front of the building hitting his head on the concrete stair in the process.

11.       Plaintiff was caused to sustain serious injuries on various parts of his body including, but not limited to, a fractured skull and a collapsed lung.

12.       Despite the plaintiff's injuries, defendant officers did not immediately call for emergency services, and delayed the plaintiff's medical care and treatment.

13.       Eventually, the plaintiff was transported to the hospital where he was admitted.

14.     Plaintiff remains admitted at the hospital due to the severity of his injuries.

15.     Upon information and belief, the entire incident was captured by surveillance cameras that are located at the premises.

16.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the assault knew and was fully aware of the assault and had a realistic opportunity to intervene to prevent the serious harm detailed above from occurring.

17.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

18.     As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

19.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 18 of this complaint as though fully set forth herein.

20.     The conduct of defendant officers, as described herein, amounted to excessive use of force.

21.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

22.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

23.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 22 of this complaint as though fully set forth herein.

24.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

25.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

26.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

27.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against defendant officers

28.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 27 of this complaint as though fully set forth herein.

29.     Defendant officers denied plaintiff treatment needed to remedy his serious medical conditions and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

30.     Such conduct described herein violated plaintiff's due process rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

31.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

32.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 31 of this complaint as though fully set forth herein.

33.     Defendant City, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

34.     Defendant City, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of assaulting, wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is of Hispanic descent, on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other illicit activities.

35.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

36.     Recently, NYPD officers forcibly tackled and assaulted a former professional tennis player named James Blake simply because he is a member of a racial/ethnic minority group.

37.     NYPD officers also recently assaulted a professional basketball player named Thabo Sefolosha simply because he is a member of a racial/ethnic minority group.

38.     In *James Whiting v. City of New York* (16 CV 534), which is currently pending in this district, NYPD officers forcibly grabbed, assaulted and arrested the plaintiff while he was on his way to attend a music concert simply because he is a member of a racial/ethnic minority group.

39.     Defendant City has settled numerous lawsuits brought in this district and in the Eastern District of New York against several NYPD officers alleging

excessive use of force and similar charges as those described herein. *See*, *e.g.*, *Evelyn Gomez v. City of New York* (15 CV 7293); *Clovis Seltzer v. City of New York* (15 CV 1456); *Robert Smith v. City of New York* (15 CV 932 (EDNY)); *Khadijah Watkins v. City of New York* (14 CV 8108); *Zakariyya Amin v. City of New York* (12 CV 2412 (EDNY)).

40.     Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

41.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

42.     By these actions, defendants have deprived the plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

FIFTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

43.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44.     By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained injuries with the accompanying pain.

45.     The conduct of the defendants, as described herein, amounted to assault and battery.

46.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

47.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

48.     Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, and were careless and negligent in their treatment of the plaintiff.

49.     The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

50.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

51.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 50 of this complaint as though fully set forth herein.

52.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

53.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

54.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

55.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

57.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

58.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

59.     Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.      For compensatory damages against all defendants in an amount to be proven at trial;

b.      For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.      For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.      For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       August 24, 2016

UGO UZOH, P.C.

/s/

By:   Ugochukwu Uzoh (UU-9076)
       Attorney for the Plaintiff
       304 Livingston Street, Suite 2R
       Brooklyn, N.Y. 11217
       Tel. No: (718) 874-6045
       Fax No: (718) 576-2685
       Email: u.ugochukwu@yahoo.com